| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL V | | |
| Rosa María Báez de Jesús, Francisco Rodríguez Pérez, compuesta por Carlos Francisco, Caroline, Brenda Amir, Michael Francisco, Roy Francisco, Francisco Joel y Roger Francisco, todos de apellidos Rodríguez Báez<br><br>Recurridos<br><br>Ex Parte<br><br>Aníbal Báez de Jesús e Iris Raquel Rodríguez Cintrón<br><br>Peticionarios | TA2026CE00327 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Juana Díaz<br><br>Caso Núm. JD2021CV00511<br><br>Sala: 1 Sala Superior<br><br>Sobre: EXPEDIENTE DE DOMINIO |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de abril de 2026.

Comparece ante nos la parte peticionaria, Aníbal Báez De Jesús e Iris Raquel Rodríguez Cintrón (en adelante y en conjunto, parte peticionaria), y nos solicita la revisión de la *Resolución Final,* emitida y notificada el 11 de febrero de 2026, por el Tribunal de Primera Instancia, Sala de Juana Díaz. Mediante esta, el Foro Primario permitió la notificación mediante edicto de la *Resolución* emitida el 10 de marzo de 2022.

Por los fundamentos que expondremos a continuación, se deniega la expedición del recurso de *Certiorari* presentado.

*-I-*

Por estar relacionados entre sí, y en virtud de ceñirnos a lo pertinente a la controversia ante nuestra consideración, hacemos

referencia a los hechos esbozados en la *Resolución* emitida el 16 de julio de 2025, por un Panel Hermano, en el caso núm. KLCE202500641.

Posterior a la presentación del recurso antes mencionado, y previo a recibir el mandato del Tribunal de Apelaciones, el 31 de mayo de 2025, la parte peticionaria presentó ante el Tribunal de Primera Instancia una *Moción Informativa y Solicitud de Remedios.*[1] En la misma, alegó que la *Resolución* emitida el 10 de marzo de 2022 no se notificó conforme a la Regla 65.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 65.3. Siendo así, la parte peticionaria solicitó que se le ordenara a la parte recurrida, Rosa M. Báez de Jesús y la Sucesión de Francisco Rodríguez Pérez (en adelante y en conjunto, parte recurrida), acreditar su cumplimiento con la referida Regla y, en la alternativa, se declarara la nulidad del dictamen en controversia.

Así las cosas, el 2 de junio de 2025, el Foro Primario ordenó a la parte recurrida, en un término de (20) días, acreditar el cumplimiento con la Regla 65.3 de Procedimiento Civil, *supra*, o, en su defecto, explicara las razones por la dilación.[2] Por consiguiente, el 23 de junio de 2025, la parte recurrida presentó una *Moción en Oposición a Moción Informativa y Solicitud de Remedios.*[3] En apretada síntesis, esta alegó que la parte peticionaria carecía de legitimación activa para cuestionar la *Resolución* emitida por el Foro Primario el 10 de marzo de 2026.

Luego de varios incidentes procesales, y habiéndose recibido el mandato del Tribunal de Apelaciones, el 5 de noviembre de 2025, la parte peticionaria presentó una *Moción para Reiterar Solicitud de Remedios.*[4] En su moción, sostuvo que la parte recurrida no acreditó cumplimiento con la Regla 65.3 de Procedimiento Civil, supra. A su

---

[1] SUMAC del Tribunal de Primera Instancia, Entrada Núm. 30.
[2] *Íd.*, Entrada Núm. 31.
[3] *Íd.*, Entrada Núm.34.
[4] *Íd.*, Entrada Núm. 42.

juicio, al haber transcurrido casi cuatro (4) años desde la emisión del dictamen impugnado, este no advino final y firme. Asimismo, arguyó que no podía justificarse la inobservancia con dicho requisito. En consecuencia, reiteró su petición para que se declarara la nulidad de la *Resolución* objeto de controversia.

Posteriormente, el 9 de diciembre de 2025, la parte recurrida presentó una *Réplica a Moción para Reiterar Solicitud de Remedios y en Cumplimiento de Orden.*[5] En su escrito sostuvo que los señalamientos de la parte peticionaria carecían de mérito y constituían un intento de reabrir controversias ya adjudicadas en el caso núm. KLCE202500641. Añadió que la parte peticionaria no ostentaba un título inscrito en el Registro de la Propiedad y que, por ende, el procedimiento de expediente de dominio no requería notificación a su favor. Además, destacó que un Panel Hermano de este Foro Apelativo le había indicado a la parte peticionaria que podía promover un pleito independiente para vindicar cualquier derecho que alegara tener sobre la estructura en disputa. Por último, la parte recurrida solicitó la imposición de costas, gastos y honorarios de abogado en una cuantía no menor de tres mil dólares ($3,000).

El 12 de enero de 2026 el Tribunal de Primera Instancia emitió *Resolución Interlocutoria.*[6] En la misma, el Foro Primario señaló que la controversia relacionada con la intervención de la parte peticionaria en este procedimiento ya había sido atendida y resuelta por el Tribunal de Apelaciones en el caso núm. KLCE202500641, por lo que no procedía revisarla nuevamente. No obstante, y a los únicos fines de dar cumplimiento estricto a los trámites de notificación de la *Resolución* del 10 de marzo de 2022, el Foro de Instancia ordenó a la parte recurrida publicar por edicto dicho

---

[5] *Íd.*, Entrada Núm. 46.
[6] *Íd.*, Entrada Núm. 48.

dictamen dentro de un término de diez (10) días y acreditar oportunamente su cumplimiento con ello.

En desacuerdo, el 27 de enero de 2026, la parte peticionaria presentó una *Moción de Reconsideración*[7] En su escrito, alegó que la parte recurrida aún no había demostrado cumplimiento con la Regla 65.3 de Procedimiento Civil, *supra*, según se le había ordenado. Además, planteó que la determinación emitida en el caso núm. KLCE2025000641 carecía de jurisdicción, pues, a su entender, al carecer de notificación la *Resolución* del 10 de marzo de 2022, esta no era final y firme. En virtud de ello, reiteró su solicitud para que se declarara la nulidad de dicho dictamen.

Ese mismo día, la parte recurrida presentó una *Moción en Cumplimiento de Orden Sobre Publicación de Notificación de Sentencia por Edicto,* en la cual acreditó haber efectuado la publicación correspondiente.[8] En consecuencia, el 11 de febrero de 2026, el Tribunal de Primera Instancia emitió una *Resolución Final*, mediante la cual declaró *No Ha Lugar* la reconsideración solicitada por la parte peticionaria.[9] Igualmente, determinó que, una vez la parte recurrida demostró haber cumplido con la publicación del edicto, la solicitud de la parte peticionaria se tornó académica. Por igual, concluyó que las controversias relacionadas a la alegada necesidad de una notificación personal a favor de la parte peticionaria, así como de su interés en el procedimiento de epígrafe, fueron atendidas por el Foro Apelativo.

Inconforme, el 16 de marzo de 2026, la parte peticionaria presentó el recurso de *Certiorari* ante nos. En el mismo, señaló la comisión del siguiente error:

> ERRÓ EL TPI Y ABUSÓ DE SU DISCRECIÓN, AL PERMITIR QUE LA PARTE RECURRIDA NOTIFICARA LA RESOLUCIÓN EXCUSÁNDOLO DE EXPLICAR LA

---

[7] *Íd.*, Entrada Núm. 49.
[8] *Íd.*, Entrada Núm. 50.
[9] *Íd.*, Entrada Núm. 51.

JUSTA CAUSA PARA EL INCUMPLIMIENTO DEL TÉRMINO DE ESTRICTO CUMPLIMIENTO ESTABLECIDO EN LA REGLA 65.3 DE PROCEDIMIENTO CIVIL, A CASI CUATRO AÑOS DE QUE SE DICTARA LA RESOLUCIÓN, E INCUMPLIR CON LO ESTABLECIDO EN SOTO PINO V. UNO RADIO GROUP, 189 DPR 84, 92-93 (2013) Y NO DECLARAR NULA LA RESOLUCIÓN POR VIOLACIÓN AL DEBIDO PROCESO DE LEY.

Por su parte, el 27 de marzo de 2026, la parte recurrida presentó una *Moción en Cumplimiento de Orden, Solicitud de Desestimación por Falta de Jurisdicción y Para Que Se Deje Sin Efecto Término Concedido Para Exponer Oposición a Radicación Tardía.*

Evaluado el expediente ante nuestra consideración, procedemos a disponer del asunto que nos ocupa.

-*II*-

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847, (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020). Mediante la radicación de un recurso de *certiorari,* se solicita la revisión de, entre otros asuntos, las determinaciones finales emitidas por el foro de instancia en procedimientos de jurisdicción voluntaria. Regla 32 (B) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 49, 216 DPR __ (2025).

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* pág. 63, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari.* Sobre el particular dispone:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

### -*III*-

En el presente caso, la parte peticionaria alega que el Tribunal de Primera Instancia erró al permitir que la parte recurrida notificara la *Resolución* emitida el 10 de marzo de 2022, cuatro (4) años después. Por igual, planteó que dicho incumplimiento acarreaba la nulidad del referido dictamen.

Luego de evaluar el expediente que obra ante nos, es nuestra apreciación que el Tribunal de Primera Instancia no abusó de su discreción ni actuó de forma parcial, perjudicial o errada al autorizar la notificación por edicto de la *Resolución* en controversia. Determinamos que no concurren los criterios pertinentes que ameriten nuestra intervención con la determinación recurrida. Por igual, no se deprende de los documentos que constan en el recurso que el Foro Primario haya errado al emplear sus funciones adjudicativas. Tampoco emana que existan indicios de que, en sus

actuaciones, el Foro *a quo* haya incurrido en prejuicio, parcialidad, craso abuso de discreción o error manifiesto.

En consecuencia, concluimos que no están presentes los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* para que se justifique nuestra intervención con la *Resolución* recurrida. Siendo así, denegamos expedir el auto solicitado.

### *-IV-*

Por los fundamentos antes esbozados, *denegamos* la expedición del recurso de *Certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones